## Bolduc's Estate

*Albert L. Moise*, for petitioner.

SINKLER, J., April 14, 1939.—The petition of John S. Thorp for leave to issue commissions as prayed for in his petition of September 16, 1938, was presented in open court on March 17, 1939. The petition recites that on September 16, 1938, petitioner presented a petition, asking for a citation to show cause why petitioner should not be given leave to issue the commission prayed for. On October 29, 1938, by an opinion of the present judge, the prayer of the petition was refused and the petition dismissed. The present petition does not ask for the issu-

ance of a citation to show cause why leave should not be granted to issue the commission, but prays that leave and authority to issue the commission be granted. The petition quotes the opinion of the court on the exceptions filed by petitioner to my adjudication of November 4, 1938. The opinion in question refers the matter back to the auditing judge in order that claimant may produce any further relevant testimony which he desires to offer. This opinion does not alter the procedure to be followed in accordance with the practice of our court, that is, a petition that a citation should issue to show cause why authority should not be given to claimant to take the depositions of the witnesses in question. Nor does the opinion alter the procedure to the effect that authority to take depositions of witnesses is not a matter of right but is to be granted only within the discretion of the court. A decision by this court on this subject is Vetter's Estate, 15 D. & C. 218. A recent decision of Klein, J., in the Estate of Lorenzo S. Sapp, no. 3821 of 1936 (not reported) is to the same effect.

Even if the latter were properly before me, leave to take depositions of the witnesses in question would be refused. My adjudication and the opinion of October 29, 1938, relate the facts and circumstances of the present case. Determination of whether an allowance shall be made to claimant depends largely on the credibility of the witnesses on behalf of claimant and against the claim. If the depositions of the additional witnesses are taken, the auditing judge will not have the opportunity to determine their credibility by observing their demeanor in court in his presence; he will be deprived of the opportunity of questioning the witnesses as to the matter in dispute; and the accountant will not have opportunity to cross-examine the witnesses on their testimony on the examination in chief.

In the exercise of the discretion vested in me by law, I hold that leave to examine the witnesses by deposition is not proper in this case.

An opportunity will be given claimant to produce the witnesses on a further audit, that they may then be examined, cross-examined and, if the auditing judge so desires, questioned by him.

The prayer of the petition is denied, and the petition is dismissed.